NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

SEP 20 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> ANTHONY McCARARY, <br><br> Defendant - Appellant. | No. 23-1930 <br><br> D.C. No. 3:12-cr-02476-JLS-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted September 17, 2024[**]

Before:    WARDLAW, BADE, and H.A. THOMAS, Circuit Judges.

Anthony McCarary appeals from the district court's judgment and

challenges the 24-month sentence and supervised release conditions imposed upon

the revocation of his supervised release. We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm in part, vacate in part, and remand to correct the judgment.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

McCarary contends that the district court failed to address his arguments for an imprisonment term fully concurrent to his state sentence and for no additional term of supervision. We review for plain error, *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude there is none. Although the court did not explicitly reference each of McCarary's contentions, it listened to his arguments and acknowledged the difficulty of an additional term of supervision. It nevertheless determined that McCarary's breach of the court's trust warranted the sentence imposed. Contrary to McCarary's contention, this explanation is sufficient to allow for meaningful appellate review. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

The government concedes, and we agree, that there are errors in the conditions of supervised release included in the written judgment. We remand for the district court to conform the written judgment to its oral pronouncement of the sentence, in which it imposed "[a]ll the same terms and conditions" from McCarary's underlying 2012 judgment, as well as a new Fourth Amendment waiver condition. *See United States v. Hernandez*, 795 F.3d 1159, 1169 (9th Cir. 2015) (oral pronouncement of sentence controls over inconsistent written judgment). The court may not reimpose standard conditions 4, 5, and 13 from the 2012 judgment, however, unless it modifies them to comport with *United States v.*

*Evans*, 883 F.3d 1154, 1162-64 (9th Cir. 2018).

**AFFIRMED in part; VACATED in part; and REMANDED.**